

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00263-CV

---

NICHOLAS C. DANIELS AND                                    APPELLANTS
ROWENA DANIELS

V.

FEDERAL HOME LOAN                                          APPELLEE
MORTGAGE CORPORATION

----------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
TRIAL COURT NO. CV-2013-00168

----------

## MEMORANDUM OPINION[1]

----------

Appellants Nicholas C. Daniels and Rowena Daniels attempt to appeal

from a judgment awarding possession of real property at 4009 Crestwood Drive,

Carrollton, Denton County, Texas to Appellee Federal Home Loan Mortgage

Corporation as well as from the trial court's postjudgment order denying their

---

[1]See Tex. R. App. P. 47.4.

amended motion to dismiss the trial court case for lack of jurisdiction. In our February 26, 2015 order, this court stated the following,

> We . . . note that Appellee asserts it took possession of the property pursuant to the final judgment at issue in this appeal and a writ of possession issued out of the County Court at Law on August 19, 2014. . . . Therefore, we continue to question whether Appellants' appeal has been rendered moot. *See Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("[A]n appeal from the forcible-detainer judgment is moot unless the defendant asserts 'a potentially meritorious claim of right to current, actual possession of the (premises).'"). The clerk's record and reporter's record have now been filed, and, before ordering briefs on the merits to be filed in this appeal, we find it necessary to revisit the issues of (1) whether the appeal is moot because Appellants no longer have possession of the property, and (2) whether Appellants are asserting a potentially meritorious claim of right to current, actual possession.

> The court requests Appellants to file, on or before Monday, March 9, 2015, a brief of no more than ten (10) pages, double-spaced, on why this appeal should not be dismissed as moot for the reason that Appellants have previously surrendered possession and Appellee now has possession of the property pursuant to execution of the writ of possession out of the County Court at Law No. 2. Appellants' failure to file the requested brief by Monday, March 9, 2015, may result in their appeal being dismissed for failure to comply with this order. *See* Tex. R. App. P. 42.3(c).

We have received no response. Accordingly, we dismiss this appeal.[2]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: April 16, 2015

---

[2]*See* Tex. R. App. P. 42.3(c), 43.2(f).